**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Raul Elisio YANEZ–HERNANDEZ,
Defendant–Appellant.**

**No. 06–10654.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 14, 2007.

Filed June 27, 2007.

Robert L. Ellman, Esq., Patrick M. Walsh, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Anne R. Traum, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, CANBY and McKEOWN, Circuit Judges.

## MEMORANDUM *

Raul Elisio Yanez–Hernandez appeals his conviction for possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii). He challenges the denial of his motion to suppress evidence seized in a search conducted during a prolonged traffic stop. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1] The facts of this case are familiar to the parties and we recite them here only to the extent necessary to explain our decision.

◾ We assume for purposes of decision that the traffic stop did not become a consensual encounter when Detective Sandoval told Yanez–Hernandez that he was free to leave but then asked him whether he was transporting any contraband. We conclude, however, that the extended detention and questioning were supported by reasonable suspicion of criminal activity beyond the initial traffic violation. Detective Sandoval testified that Yanez–Hernandez was driving a car registered out-of-state to another person. *See United States v. Perez*, 37 F.3d 510, 514 (9th Cir. 1994) (noting that registration in another person's name is a suspicious factor), *overruled on other grounds by United States v. Mendez*, 476 F.3d 1077, 1080 (9th Cir. 2007). More significantly, Detective Sandoval testified that Yanez–Hernandez's stated reason for traveling lacked credibility. During initial questioning, Yanez–Hernandez told Detective Sandoval that he was driving home to Las Vegas after gambling at the Tropicana Casino in Stateline. In fact, there is no Tropicana Casino in Stateline. *See United States v. Rojas–Millan*, 234 F.3d 464, 470 (9th Cir.2000) (vague and conflicting responses about driver's travel plans contributed to officer's reasonable suspicion). Because, in their totality, these factors gave rise to a reasonable suspicion of illegality, the prolonged stop and questioning did not violate the Fourth Amendment.

◾ The totality of circumstances also supports the district court's finding that Yanez–Hernandez voluntarily consented to the search.[2] The officers did not draw their guns or tell Yanez–Hernandez that a search warrant could be obtained. Nor is there evidence that the officers behaved in a coercive or intimidating manner. Although *Miranda* warnings were not given prior to Yanez–Hernandez's verbal consent, none were required because Yanez–Hernandez was not under arrest at the time. *Perez*, 37 F.3d at 515.

Accordingly, the district court's denial of the motion to suppress is

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court's denial of a motion to suppress is reviewed de novo and its factual findings are reviewed for clear error. *United States v. Garcia*, 205 F.3d 1182, 1186 (9th Cir.2000). The district court's determination of the voluntariness of consent to search is reviewed for clear error. *United States v. Todhunter*, 297 F.3d 886, 891 (9th Cir.2002).

2. We consider the following factors in determining the voluntariness of a consent to search: "(1) whether [the] defendant was in custody, (2) whether the arresting officers had their guns drawn, (3) whether *Miranda* warnings were given, (4) whether the defendant was notified that she had a right not to consent, and (5) whether the defendant had been told a search warrant could be obtained." *United States v. Patayan Soriano*, 361 F.3d 494, 502 (9th Cir.2004) (citations and quotation marks omitted).